T.C. Summary Opinion 2008-35


UNITED STATES TAX COURT


TROY FISHER AND LISA CLEMENT-FISHER, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 6865-06S.                    Filed April 8, 2008.


Troy Fisher and Lisa Clement-Fisher, pro sese.

Mark H. Howard, for respondent.


VASQUEZ, Judge:  This case was heard pursuant to the
provisions of section 7463 of the Internal Revenue Code in effect
when the petition was filed.[1]  Pursuant to section 7463(b), the
decision to be entered is not reviewable by any other court, and

---

[1]  Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for the years in issue, and
all Rule references are to the Tax Court Rules of Practice and
Procedure.

this opinion shall not be treated as precedent for any other case.  Respondent determined deficiencies of $3,147 and $4,260 for 2003 and 2004, respectively.  After concessions by petitioners, the issues for decision are whether:
(1) Petitioners substantiated depreciation and section 179 deductions totaling $21,986 and $9,731 claimed on Schedule C, Profit or Loss From Business, for 2003 and 2004, respectively, (2) whether petitioners substantiated Schedule C car and truck expense deductions in an amount greater than $7,127 for 2003 and greater than zero for 2004, and (3) whether petitioners substantiated deductions claimed on Schedule A, Itemized Deductions, for employee business expenses related to car and truck use totaling $3,407 for 2003.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference.  At the time they timely filed the petition, petitioners resided in Utah.  For 2003 and 2004, petitioners filed joint Federal income tax returns.

For 2003 petitioners claimed a Schedule C deduction for depreciation expenses totaling $21,986.  Respondent determined petitioners had additional income of $656 as a result of a Utah State tax refund.  Petitioners concede the additional income. Additionally, respondent disallowed itemized deductions of

$4,905.  The disallowed deductions consisted of $1,499 in medical expenses and $3,407 for vehicle expenses.  The reduction in medical expenses was a computational adjustment as a result of a change in adjusted gross income.  Further, respondent allowed petitioners an additional deduction of $2,671 for Schedule C car and truck expenses based on the standard rate method.

For 2004 petitioners claimed a Schedule C deduction for depreciation and section 179 expense totaling $9,731 and $4,759 for car and truck expenses.  Respondent disallowed $1,280 of petitioners' claimed itemized deductions.  The disallowed itemized deductions consisted of $1,010 in medical expenses and $270 of miscellaneous itemized deductions.  As in 2003, disallowed itemized deductions were computational as a result of a change in adjusted gross income.  Respondent allowed petitioners an additional deduction of $1,024 for an increase in self-employment tax.

Petitioners are owners of a collections business called TLC Collections.  Ms. Clement-Fisher started the business by handling collections for her employer.  Ms. Clement-Fisher filed claims in small claims court and was paid a percentage of any money collected.  TLC Collections grew, and petitioners began handling collections for United Shipping Solutions (USS) and several of

its franchisees.[2]  As part of TLC Collections, petitioners used their vehicles extensively to meet with clients, file documents at the courthouse, and buy supplies.

For 2003 petitioners claimed depreciation deductions for three vehicles used by TLC Collections:  (1) A 2002 Chevrolet Malibu (Malibu), (2) a 2002 Chevrolet Silverado (Silverado), and (3) a 2003 Chevrolet Avalanche (Avalanche).  The Silverado was purchased in January 2002 and had 19 miles on the odometer.  On August 29, 2003, petitioners traded in the Silverado for the Avalanche.  At the time of the trade-in, the Avalanche had 899 miles on the odometer, and the Silverado had 20,382 miles.  Petitioners purchased the Avalanche for $41,935.02 and reported a basis of $51,320 for the Avalanche on their 2003 return.  For 2004 petitioners claimed depreciation deductions for two vehicles used in their business:  (1) The Malibu, and (2) a 1999 Chevrolet Tahoe (Tahoe).  Petitioners acquired the Tahoe in the summer of 2003 as a gift from Mr. Fisher's father.  Petitioners reported a basis of $15,000 for the Tahoe on their 2004 return.

Petitioners kept handwritten logs for each of the vehicles for both 2003 and 2004.  The logs note where the vehicles were driven and the total miles driven per trip.  On occasion, there are notes listing names of whom petitioners met with.

---

[2]  USS is a company that buys space on planes, trucks and ships, and ships packages.  USS is headquartered in Midvale, Utah.

At the end of each of the years in issue, petitioners did not record the total miles that they drove each of the vehicles. On November 3, 2003, service records for the Avalanche show an odometer reading of 1,000 miles. Petitioners' mileage log indicates 860 miles driven on the Avalanche as of November 3, 2003. On July 24, 2004, service records for the Avalanche show an odometer reading of 20,024 miles. Petitioners' accountant Craig Stayner prepared an estimate of the total miles driven per month and total miles driven for business purposes based on the July 24, 2004, reading.

## Discussion

Deductions are a matter of legislative grace, and the taxpayer has the burden of showing that he is entitled to any deduction claimed. Rule 142(a); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Petitioners have neither claimed nor shown that they satisfied the requirements of section 7491(a) to shift the burden of proof to respondent with regard to any factual issue. Accordingly, petitioners bear the burden of proof. See Rule 142(a).

## I. Depreciation

Section 167(a) allows a deduction for a reasonable allowance for the exhaustion, wear and tear, and obsolescence of property used in a trade or business or held for the production of income. Section 274(d)(4) operates to disallow any deduction otherwise

allowable under, inter alia, section 167 with respect to, inter alia, any "listed property" unless the taxpayer satisfies the substantiation requirements of that section. "Listed property" is defined in section 280F(d)(4) to include passenger automobiles. See sec. 280F(d)(4)(A)(i). As pertinent here, petitioners may satisfy the substantiation requirements of section 274(d) and the regulations thereunder by adequate records or by sufficient evidence corroborating their own statements.

For 2003 petitioners reported a cost or basis for the Malibu of $21,000 and a basis for depreciation of $12,732 and claimed a depreciation deduction of $2,546. Petitioners reported a cost or basis for the Avalanche of $51,320 and a basis for depreciation of $16,163 and claimed a depreciation deduction of $1,616. Petitioners reported a cost or basis for the Silverado of $25,000 and a basis for depreciation of $10,938, and claimed a depreciation deduction of $1,094. Petitioners also claimed a special depreciation deduction for the Avalanche pursuant to section 168(k)(4) of $16,162 for qualified listed property placed in service during the tax year and used more than 50 percent in a qualified business. Petitioners have provided supporting evidence only for the Silverado's cost or basis, not for the Malibu's, and therefore cannot support their depreciation deductions for the Malibu. The purchase documents for the Avalanche indicate a cost after fees of $41,936.02; however,

petitioners reported a basis of $51,320. There is no evidence to support the discrepancy in the cost or basis of the Avalanche. Because petitioners have failed to substantiate the total mileage on the vehicles, they cannot demonstrate the percentage of business use. Mr. Stayner testified that he estimated the total mileage of the Avalanche for 2003. The November 3, 2003, service report does not agree with petitioners' mileage logs. While petitioners credibly testified as to their business mileage, the total mileage on the Avalanche and the other vehicles are estimates. The rule in Cohan, which allows the Court to approximate the amount of the deduction when the taxpayers have failed to provide full substantiation, is not applicable in this case. See Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930); Sanford v. Commissioner, 50 T.C. 823, 828 (1968), affd. per curiam 412 F.2d 201 (2d Cir. 1969). Accordingly, petitioners are not entitled to their depreciation deductions.

For 2004 petitioners reported a cost or basis for the Tahoe of $15,000 and a basis for depreciation of $6,729 and claimed a depreciation deduction of $1,346. Petitioners claimed a depreciation deduction of $681 for the Malibu. Petitioners claimed a depreciation deduction for the Avalanche of $433. Petitioners also claimed a special depreciation deduction on the Tahoe pursuant to section 168(k)(4), of $6,729 for qualified listed property placed in service during the tax year and used

more than 50 percent in a qualified business.  As for 2003 petitioners cannot substantiate the cost or basis of the vehicles, nor can they substantiate the total mileage driven for each vehicle.  Accordingly, petitioners are not entitled to their depreciation deductions.

Petitioners have also provided no evidence to support their 2004 section 179 deduction of $824 or their 2004 Modified Accelerated Cost Recovery System (MACRS) Depreciation of $151.

II.  Automobile Expenses

Section 162(a) allows a taxpayer to deduct all ordinary and necessary expenses paid or incurred in carrying on a trade or business.  Pursuant to section 274(d), however, automobile expenses otherwise deductible as a business expense will be disallowed in full unless the taxpayer satisfies strict substantiation requirements.  The taxpayer must substantiate the automobile expenses by adequate records or other corroborating evidence of items such as the amount of the expense, the time and place of the automobile's use, and the business purpose of its use.  See Sanford v. Commissioner, supra at 827-828; Maher v. Commissioner, T.C. Memo. 2003-85.

As with the depreciation deductions, petitioners are unable to meet the substantiation requirements imposed by section 274(d).  While petitioners have mileage logs detailing their business miles, they have only estimates as to the total mileage

driven for the vehicles for each year.  Petitioners have chosen to use the actual expense method, yet they have produced no evidence to substantiate the $4,456 claimed in 2003 nor the $4,759 claimed in 2004.

Respondent has allowed petitioners automobile expense deductions of $7,127 for 2003 and zero for 2004 using the standard business mileage rate.  Respondent did not allow petitioners a deduction for 2004 because petitioners did not appear for a meeting with respondent to discuss that year.  This was a misunderstanding and does not prevent petitioners from being entitled to the standard mileage deduction for 2004.  At trial petitioners provided mileage logs for each of the three vehicles used in 2004.  The logs indicate that petitioners had a total of 15,414 business miles for 2004.  At the 2004 standard mileage rate of $0.375, the total car and truck expense deduction to which petitioners are entitled for 2004 is $5,780.25.

III.  Employee Business Expenses

For 2003 petitioners claimed Schedule A deductions for unreimbursed employee expenses of $3,407 related to the use of their vehicles.  Ms. Clement-Fisher's primary occupation is dental hygienist.  As with the Schedule C deductions, petitioners cannot substantiate their deductions because they cannot show the percentage of employee business use for the vehicles.  Petitioners have provided mileage logs, which entitle them to the

standard mileage rate deduction for employee business expenses of $0.36 per mile for 1,930 miles, or $695.  But because they cannot substantiate their deductions, they cannot deduct actual expenses.

In reaching all of our holdings herein, we have considered all arguments made by the parties, and to the extent not mentioned above, we conclude they are irrelevant or without merit.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.